IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIAN T. MOSS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-1319-RWS |
| DEKALB COUNTY BOARD OF | : |
| HEALTH, DR. SANDRA E. | : |
| FORD, HANNA DEMEKE, | : |
| ADRIENNE BUCKMIRE, DR. | : |
| LESLIE RICHMOND, and | : |
| JACQUELINE HILL, | : |
| | : |
| Defendants. | : |

## **ORDER**

On April 24, 2013, Magistrate Judge Walter E. Johnson entered an Order [2] permitting Plaintiff to proceed in forma pauperis in this action. The case was then referred to the undersigned for a frivolity determination. Having carefully considered the record, the Court enters the following order.

### **Background**

Plaintiff's Complaint was filed on April 24, 2013 [3]. The Complaint arises out of Plaintiff's termination, and she asserts four claims: (1) age discrimination, (2) retaliation, (3) wrongful termination, and (4) classification

status. Defendants are the DeKalb County Board of Health and individuals who appear to be employees of the Board of Health.

## Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Because Plaintiffs are proceeding pro se, their "pleadings are held to a

less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

As to Plaintiff's age discrimination claim, the Court assumes that Plaintiff is bringing her claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. The ADEA makes it illegal for an employer "to discharge any individual or otherwise discriminate against any individual" because of her age. 29 U.S.C. § 623(a)(1). Unlike other discrimination statutes, the prohibition against discrimination only applies to some employees, namely those who "are at least 40 years of age." Id. § 631(a). To establish a prima facie case of age discrimination, a plaintiff must show: (1) that she belonged to a protected class, (2) that she held the proper job qualifications, (3) that she suffered an adverse employment action, and (4) that her employer replaced her with someone substantially younger. O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996). In this case, the Court finds that the Complaint sets forth all the prima facie elements of an age discrimination claim.

AO 72A
(Rev.8/82)

However, Plaintiff asserts that claim only against her supervisor, Adrienne Buckmire, and arguably against their mutual employer, DeKalb County Board of Health. As to the other named Defendants, Plaintiff does not set forth factual allegations in support of an age discrimination claim. However, in deference to her pro se status, the Court will allow her to re-plead her claims in order to comply with federal pleading standards.

As to Plaintiff's retaliation claim, the ADEA provides that it is unlawful for an employer to discriminate against an employee because that employee "has opposed any practice made unlawful by this section" or because that employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this article." 29 U.S.C. § 623(d). The Eleventh Circuit has held that the same analysis that applies to the allocation of burdens of production and to the presentation of circumstantial proof in Title VII cases also applies to retaliation claims under the ADEA. Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1519 (11th Cir. 1990). In retaliation cases under Title VII, and thus also under the ADEA, a prima face case of retaliation requires a showing of: (1) participation in actions protected by the statute, (2) an adverse employment action, and (3) a causal link between

4

the protected actions and the adverse employment decision. See Hamm v. Members of the Bd. of Regents, 708 F.2d 647, 654 (11th Cir. 1983). In this case, the Complaint does not set forth a protected activity that would have formed the basis of the adverse employment action here. As such, Plaintiff fails to state a retaliation claim as a matter or law, and this claim does not survive a frivolity determination. Plaintiff's retaliation claim is **DISMISSED**. As to Plaintiff's wrongful termination claim, it appears that wrongful termination is the adverse employment action that Plaintiff asserts as the basis for her age discrimination claim. As such, this claim would be subsumed within Plaintiff's first claim and does not survive a frivolity determination. The wrongful termination claim is **DISMISSED**.

As to Plaintiff's classification status claim, the Court is unable to determine what Plaintiff means by the term "classification status." To the extent that Plaintiff alleges she was terminated based upon her classification as "old" [3, at ¶ 8], this claim would also be subsumed within Plaintiff's age discrimination claim. As a result, Plaintiff's status claim does not survive a frivolity determination and is **DISMISSED**.

5

## Conclusion

For the reasons stated above, Plaintiff is **ORDERED** to file an Amended Complaint that contains her age discrimination claim within thirty days of the date of this order.  Plaintiff is **ORDERED** to make a short and plain statement of her claim against each Defendant.  The Court will then review the Amended Complaint for frivolity and determine at that time whether Plaintiff's age discrimination claim should proceed.  Plaintiffs other claims are **DISMISSED**.

The clerk is **DIRECTED** to mail a copy of this order to Plaintiff at the address listed on the docket.

**SO ORDERED**, this   22nd   day of August, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)